STEPHEN HOLT *versus* TIMOTHY WALKER.

The declarations of a person while in possession as the owner of personal property, may be received as evidence against the title of another person, who has afterwards derived his title through him. And they may be received, although the person, who made them, might have been called as a witness.

And if the title of such person had passed to his assignee in bankruptcy, he remaining in possession of the property, his declarations, made immediately before the sale, and at the request of the assignee, are admissible to affect a title afterwards acquired through the assignee.

EXCEPTIONS from Western District Court, GOODENOW J. presiding.

Trespass for a pair of oxen. The plaintiff proved, that he was in the possession of the oxen, and that they were taken and driven away by the defendant. The plaintiff also proved that he was assignee in bankruptcy, of one Parlin, and alleged, that the oxen were his property at the time of the bankruptcy.

Walker proved, that the oxen were originally his property, and contended that they went into the hands of Parlin only upon a condition, which had never been performed. With other testimony, the defendant offered to prove the declarations of Parlin, in relation to the ownership thereof.

The exceptions state, that "to the introduction of the foregoing evidence on the part of the defendant to prove the terms of the original contract between Parlin and Walker in relation to the property in the steers, Parlin being present in Court, and being a competent witness, having been released by the plaintiff in this suit, the counsel for the plaintiff objected; but the objection was overruled by the presiding Judge, and the evidence admitted as to the declarations of Parlin while he was in possession of the oxen."

After the bankruptcy, Parlin remained in possession of the oxen, until the sale thereof by the plaintiff, as assignee. Some of the declarations were made, at the request of the plaintiff, immediately before the sale. The residue were made before the bankruptcy.

The jury returned a verdict for the defendant, and the counsel for the plaintiff filed exceptions.

*Walton,* for the plaintiff, contended that the declarations of Parlin should not have been received, because Parlin himself was a competent witness, and being then present in Court. They were not the declarations of an agent, nor part of the *res gesta,* and could not have been received as evidence of intention, for no such question was raised. Nor were they received for the purpose of impeaching Parlin's testimony as a witness, as he had not been examined; nor to show fraud, for no such question arose. Stark. on Ev. Part 3, § 10; Part 4, page 60: 1 Greenl. Ev. Part 2, c. 5, § 110, 123, 124; *Greene* v. *Harriman,* 14 Maine R. 32; *Abbott* v. *Hutchins,* ib. 390; *Pool* v. *Bridges,* 4 Pick. 378; *Bridge* v. *Eggleston,* 14 Mass. R. 250; *Haynes* v. *Butler,* 24 Pick. 242.

The declarations of one who is a competent witness in the case, and whose testimony can be obtained, are never admissible in evidence. Minot's Dig. 303.

But the declarations made at the assignee's sale ought not to have been admitted. In this the authorities all agree. Declarations are never admitted, unless the person making them, had "a complete and entire control over it, as his property." *Russel* v. *Doyle,* 15 Maine R. 115.

*Howard & Shepley,* for the defendant, said the exceptions presented but a single point; were the admissions of Parlin, under whom the plaintiff claims as assignee, made before the assignment, and while he was in possession of the oxen, and in explanation of his own title, admissible, and proveable without calling him as a witness? We contend, that they were properly admissible, as original evidence. The plaintiff, claiming under him subsequently, is bound by such admissions. These admissions may be proved by any competent evidence,

without calling Parlin. 1 Greenl. Ev. § 190, 191; 1 Stark. Ev. 47, 48; 24 Pick. 245; 16 Mass. R. 108; 2 Greenl. 242; 8 Greenl. 194; 24 Maine R. 565; 5 Metc. 223; 23 Maine R. 238; 2 N. H. Rep. 387; 12 Conn. R. 1; 4 Johns. R. 230; 7 Wheat. 59; 10 Johns. 377; 2 T. R. 53; 4 Taunt. 16; 1 Ad. & Ellis, 114; 5 B. & A. 223.

The opinion of the Court was drawn up by

SHEPLEY J. — The only question presented for consideration is, whether the declarations of Simon Parlin respecting his title to the oxen were legally admitted as evidence.

They were made at two different times. The bill of exceptions states, that testimony was admitted "as to the declarations of Parlin, while he was in possession of the oxen," and that he was then present in Court.

When a person in possession as the owner of an estate, makes declarations respecting his title, those declarations are admissible as evidence against the title of another person, who has derived his title through him. And they may be received, although the person, who made them, might have been called as a witness. *Woolway* v. *Rowe*, 1 Ad. & El. 114.

Upon the same principle the declarations of a person, while in possession as the owner of personal property, may be received to affect the title of one claiming under him. *Hatch* v. *Dennis*, 1 Fairf. 244. This rule does not apply to negotiable paper indorsed before it becomes payable.

The cases of *Green* v. *Harriman* and *Abbott* v. *Hutchins*, cited by counsel, are not at variance with this doctrine. The only point decided in the former was, that the declaration of one made while in possession of the property, not respecting his title to it, but that he had received money of the defendant, was not admissible. In the latter, the person against whom it was proposed to give the declarations in evidence, did not claim or derive title from the person, who made them.

When Parlin made the last declaration received in this case, his title appears to have passed to his assignee in bankruptcy, although he remained in possession of the property. But that

declaration equally affected the title derived through the assignee, it having been made at the time of sale and at his request.

*Exceptions overruled.*